UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHERRON KIRKWOOD,
                Petitioner,

                              **Hon. Hugh B. Scott**

          v.

                              10CV118S

                              **Order**

ANDREW CUOMO,
DAVID UNGER,

                Respondents.

Before the Court is petitioner's motion for bail pending action on his Habeas Petition (Docket No. 22). Responses to this motion were due by April 14, 2011, with any reply from petitioner due April 28, 2011, and the motion was deemed submitted (without oral argument) on April 28, 2011 (Docket No. 23). Respondents submitted their attorney's Opposing Affidavit (Docket No. 24), and petitioner submitted an Opposing Affidavit in Reply (Docket No. 25).

BACKGROUND

In his Habeas Petition, petitioner contends (among other claims) that his guilty pleas in two cases on November 20, 2006, were unlawfully induced and was not voluntarily made, that his confession was coerced, that he was misadvised by counsel and rendered ineffective assistance of counsel, and that the evidence against him was obtained pursuant to an unconstitutional search (Docket No. 11, Amend. Pet.; see Docket No. 20, Resp'ts' Memo. at 1-2). Respondents filed papers opposing granting habeas relief arguing that petitioner failed to exhaust his claims (see Docket No. 20).

Petitioner now moves for bail, arguing that he has served more than half of his sentence, is scheduled to be released in September 2011, and that he satisfied all of the programs requirements while incarcerated (Docket No. 22, Notice of Motion at 1). He also contends that the District Attorney has conceded that petitioner's constitutional rights were violated and thus his conviction was illegally obtained (id. at 1-2). He argues that there is a strong possibility that his Petition for Habeas Corpus would be granted (id., Pet'r Aff. ¶ 4). Petitioner contends that, if released on bond or his own recognizance, that he would stay with his wife and children, that he would not be a flight risk, and that he would be receiving medical treatments for his spine at a chiropractor in Buffalo, New York (id., Notice of Motion at 2, Pet'r Aff. ¶ 5).

Respondents argue (as asserted in their Answer, Docket No. 19) that petitioner has not exhausted his habeas claims and thus is not entitled to bail since he needs to show both the existence of a substantial constitutional claim and extraordinary circumstances warrant that relief (Docket No. 24, Respts' Atty. Aff. ¶¶ 10, 8), see Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir. 1981) (reversing grant of bail pending habeas proceeding); Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978). They contend that petitioner has not presented a clear case on the law or facts for a constitutional violation (id. ¶¶ 9, 10).

Plaintiff, in his reply, indicates that the state court "knew or should have known" that in Indictment No. 02826-2005 (hereinafter "2005 Indictment") evidence obtained against him was illegally obtained and that he was a victim of prosecutorial misconduct in the prosecution of Indictment No. 01706-2006 (the "2006 Indictment") (Docket No. 25, Pl. Reply Aff. ¶¶ 4, 5). Although respondents consider the Habeas Petition to address only his conviction under the 2005 Indictment, petitioner claims that the Petition relates to convictions under both Indictments (id.

¶ 7).  Petitioner contends that the prosecution "clearly admit[ted] guilt" in the Answer of August 5, 2010, to the allegations that petitioner's constitutional rights were violated (id. ¶ 8; cf. Docket No. 19, Ans. ¶ 1).

DISCUSSION

Two factors must be considered in assessing the propriety of granting bail pending a determination of merits of a Petition for Writ of Habeas Corpus:  first, the petitioner must be found to be an exceptionally strong candidate for bail, that is, the risk of flight must be de minimis, and, second, because the presumption of innocence fades upon conviction, and can be of no significance after defendant's appeal has been rejected, the petitioner must raise substantial constitutional claims upon which he has a high probability of success.  The petitioner must present both a clear case on the law and a clear, and readily evident, case on the facts.

The burden upon the petitioner is very high, see Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990) ("the standard for bail pending habeas litigation is a difficult one to meet").  The Second Circuit has held that "a habeas petitioner should be granted bail only in unusual cases," Argro v. United States, 505 F.2d 1374, 1377-78 (2d Cir. 1974), or when "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective," Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974); see Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978); see also Galante v. Warden, Metropolitan Correctional Center, 573 F.2d 707 (2d Cir. 1977); Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (court has inherent power to grant bail to habeas petitioners within their jurisdiction, but such power is limited and should be granted only in unusual cases or when extraordinary or exceptional circumstances exist).

Petitioner here has not met this heavy burden in this case.  He has not shown that the Petition raises substantial claims or that extraordinary circumstances exist to make the grant of bail necessary "to make the habeas remedy effective," Grune, supra, 913 F.2d at 44; see Mapp, supra, 241 F.3d at 226.  Petitioner argues that respondents admit to violations of his constitutional rights in their Answer to the Habeas Petition (Docket No. 25, Pl. Reply Aff. ¶ 8).  This is not the case.  Respondents admitted the allegations in paragraphs 2, 6, 7, 12-14, 16-21, 26, and 27 in the Amended Petition (Docket No. 19, Ans. ¶ 1), none of these allege a constitutional violation.  Paragraph 2 of the Amended Petition alleged the date of conviction; paragraphs 6 and 7 alleged whether the case was tried and, if so, whether it was before a judge or jury.  Paragraph 12 alleged that no certiorari petition was filed with the United States Supreme Court.  Paragraph 13 asserted the result of any certiorari petition had it been filed.  Paragraph 14 described the collateral review of his conviction in state court with paragraph 16 discussing that proceeding.  Paragraphs 17, 18, 19, 20 noted the appellate status of that proceeding before the United States Court of Appeals for the Second Circuit and the New York State Court of Appeals, while paragraph 21 (left blank in the form Petition) would have stated why petitioner had not appealed.  In Paragraph 26, petitioner affirms that he was sentenced on more than one count of an Indictment or more than one Indictment, while paragraph 27 petitioner states whether there is a future sentence after service of the sentence imposed by the convictions under review.  (Docket No. 11, Am. Pet.)  Respondents' admission of what petitioner's alleged he asserted in the state court is not admission of any violation, it merely concedes what the petitioner raised in state courts.  Respondents **affirmatively denied** the grounds of relief sought in the Petition in their Answer (Docket No. 19, Ans. ¶ 2 (denying allegations in Am. Pet. ¶¶ 22-25)).  Thus, there is no

factual basis for petitioner to contend that respondents have conceded anything to justify the grant of bail pending decision of this Habeas Petition.

CONCLUSION

Therefore, his application (Docket No. 22) for bail pending determination of his Habeas Petition is **denied**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       May 13, 2011